IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYLE PERRIN BERANEK, #201900554,<br>    Plaintiff,<br>v.<br><br>JOHNSON COUNTY JAIL, et al.,<br>    Defendants. | No. 3:23-cv-00773-K (BT) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kyle Perrin Beranek, an inmate at the Johnson County Jail, originally filed this *pro se* civil rights lawsuit in the Fort Worth Division of the Northern District of Texas. On February 27, 2023, the Fort Worth Division issued a Notice and Instructions to a *Pro Se* Party. (ECF No. 4.) On April 12, the Fort Worth Division transferred the case to the Dallas Division, and this Court reissued the Notice and Instructions to a *Pro Se* Party (ECF No. 12). The Instructions from both courts admonished Beranek to notify the Court if his address changes, or his case may be dismissed. On April 25, several filings, including the Notice and Instructions issued on April 12 were returned to the Court marked "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD." (ECF Nos. 16, 17.) Beranek has failed to provide the Court with a current address. Therefore, this case should be dismissed without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Beranek has failed to keep the Court apprised of his current address. On February 27, 2023, the Fort Worth Division mailed Beranek Instructions, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 4 at 1.) Thereafter, the Court attempted to communicate further with Beranek, but its filings were returned. Beranek has failed to provide the Court with a current address. Without an address, the Court is unable to communicate with Beranek about his case.

By failing to provide the Court with a current address, Beranek has failed to comply with a court order and failed to prosecute his lawsuit.

Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Beranek's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed April 28, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.